UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

|  |  |
|---|---|
| In re: | Chapter 11 |
| TRANSTEXAS GAS CORPORATION, et al., | Case No. 02-21926 |
| Debtors. | (Jointly Administered) |

**MOTION OF THE DEBTORS PURSUANT TO SECTIONS 363 AND 364(C) OF THE BANKRUPTCY CODE (I) TO USE CASH COLLATERAL AND (II) FOR INTERIM AND FINAL ORDERS AUTHORIZING POST-PETITION FINANCING**

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors", or the "Company"), for their motion (the "Motion") (i) to use cash collateral and (ii) for interim and final orders granting authorization to obtain debtor-in-possession financing from GMAC Commercial Credit LLC, pursuant to Bankruptcy Code §§ 363 and § 364(c), respectfully state as follows:

**Jurisdiction**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

**Background**

2. On the date hereof (the "Commencement Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"). Contemporaneously herewith, the Debtors have sought procedural consolidation and joint administration of the Chapter 11 Cases. The Debtors continue to operate their businesses and manage their properties and assets as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. TransTexas Gas Corporation ("TransTexas") is engaged in the exploration for, and development and production of, natural gas and condensate, primarily along the Upper Texas Gulf Coast. TransTexas' business strategy is to utilize its experience in drilling and operating wells to find, develop and produce reserves at a low cost. TransTexas' long-term goal is to convert unproven acreage to proved reserves by drilling in under-explored areas. The exploration and production activities of TransTexas consist of geological and geographical evaluation of current and prospective properties, the acquisition of mineral prospects and the drilling, development and operation of leased properties for the production and sale of natural gas, condensate and crude oil. Debtors Galveston Bay Processing Corporation and Galveston Bay Pipeline Company are wholly-owned subsidiaries of TransTexas.

### Summary of Proposed Financing

4. The Debtors move this Court for authorization, pursuant to Bankruptcy Code §§ 363 and § 364(c), to use cash collateral and to obtain debtor-in-possession financing from GMAC Commercial Credit LLC ("Lender"), pursuant to the terms and conditions described herein, as modified and supplemented by any Order, of:

A. Certain pre-petition agreements, including, without limitation, that certain:

1. <u>Oil & Gas Revolving Credit and Term Loan Agreement</u> dated March 15, 2000 by and among Lender, as agent for itself and certain lenders (the "Agent"), and the TransTexas Gas Corporation, as the same may be, or may have been, amended, supplemented, modified or restated from time to time (the "Oil & Gas Agreement");

2. <u>Third Amended and Restated Accounts Receivable Management and Security Agreement</u> dated as of March 15, 2000 between Lender and TransTexas Gas Corporation, as the same may be or may have been amended, supplemented, modified or restated from time to time (the "Loan Agreement");

3. <u>Mortgage, Deed of Trust, Assignment of Production, Security Agreement and Financing Statement</u> dated as of October 26, 2000 between TransTexas Gas Corporation and Jack MacGowan, Trustee for the benefit of Lender, as the same

may be or may have been amended, supplemented, modified or restated from time to time (the "Mortgage and Deed of Trust"), and

4. <u>Intercreditor Agreement</u> dated as of March 15, 2000 between Lender, Agent and Firstar Bank, N.A., in its capacity as Indenture Trustee under the Indenture dated March 15, 2000 by TransTexas Gas Corporation, as issuer, Galveston Bay Processing Corporation and Galveston Bay Pipeline Company, as guarantors and Firstar Bank, N.A. as Trustee pursuant to which $200,000,000 of Senior Secured Notes due in 2005 were issued, as the same may be or may have been amended, supplemented, modified or restated from time to time (the "Intercreditor Agreement"),

together with other related documents executed by the Debtors (collectively, the "Pre-Petition Agreements"), pursuant to which, among other things, Lender and Agent made loans, advances and/or other financial accommodations to the Debtors and the Debtors granted to Lender and Agent liens, mortgages and security interests on and in all assets of the Debtors (the "Pre-Petition Collateral"),

B. A budget acceptable to Lender and Agent that will be provided by the Debtors on a periodic basis, the first of which is annexed as *Exhibit A* hereto, (collectively referred to as the "Budget"),

C. The Proposed Interim Order("Interim Order") attached as *Exhibit B*; and

D. the Supplements to the Interim Order, which are attached as exhibits to the Interim Order;

(collectively, the "Financing Arrangement")

5. The Debtors request authority to borrow $10,000,000 from Lender and Agent pursuant to the terms of the Financng Arrangement.

### Relief Requested

6. The Debtors seek authority to ratify, reaffirm and adopt, on an interim basis and final basis, the Pre-Petition Agreements, including the validity and enforceability of the liabilities and obligations to Lender and Agent incurred thereunder and the liens, security interests and mortgages granted to Lender and Agent thereunder.

7. Lender and Agent are willing to advance monies to the Debtors only upon the conditions described in this Motion.

8.  The Debtors are unable to obtain sufficient levels of unsecured credit allowable under Bankruptcy Code § 503(b)(1) as an administrative expense necessary to maintain and conduct their respective businesses.

9.  The Debtors are unable to obtain secured credit allowable only under Bankruptcy Code § 364(c)(1) and (c)(2), except under the terms and conditions described in this Motion.

10.  The value of the Pre-Petition Collateral, as defined in the Financing Arrangement, currently exceeds the ammount of the Pre-Petition Obligations under the Financing Arrangement and, as a consequence, Lender and Agent is adequately protected.

11.  It is in the best interest of the Debtors' estates that they be allowed to finance their operations under the terms and conditions set forth herein, as such financing is necessary to prevent a disruption of their businesses and to permit the Debtors to attempt to achieve successful reorganization.

12.  Without prejudice to the rights of any party, but subject to the limitations set forth in paragraph "24" of the Interim Order, the Debtors admit that, as of the Petition Date, in accordance with the Pre-Petition Agreements, (1) the Debtors were indebted to (A) Lender, under the Loan Agreement, without defense, counterclaim, recoupment or offset of any kind, in the aggregate principal amount of approximately $937,879.70 plus interest, costs, expenses and other charges thereon, and (B) Agent, under the Oil & Gas Facility, without defense, counterclaim, recoupment or offset of any kind, in the aggregate principal amount of approximately $51,937,500.00 plus interest, costs, expenses and other charges thereon, in respect of loans, advances and other financial accommodations made by Lender and Agent, respectively, to the Debtors in accordance with the Pre-Petition Agreements (the "Pre-Petition Obligations"),

and (2) the Pre-Petition Obligations were secured by valid, enforceable and properly perfected first priority liens and mortgages on and security interests in the Pre-Petition Collateral, the value of which is believed by the Debtors, after reasonable inquiry, to exceed the amount of the Pre-Petition Obligations.

13. The credit and financial accommodations to be extended under the Financing Arrangement are being extended by Lender and Agent in good faith and Lender and Agent are entitled to the protection of Bankruptcy Code § 364(e).

14. Sufficient and adequate notice of relief sought by the Motion and the hearings with respect thereto has been given pursuant to Bankruptcy Rule 4001(c) and Bankruptcy Code § 102(1) as required by Bankruptcy Code § 364(c), and no further notice of, or hearing on, the interim relief sought in the Motion is required.

15. Good and sufficient cause exists to grant this Motion, to prevent irreparable harm to the Debtors' estates.

16. By this Motion, the Debtors respectfully request the entry of an order ("Financing Order") on the terms and conditions described in the Interim Order attached as *Exhibit B*.

17. The Debtors also request authority to perform all acts and to make, execute and deliver all instruments and documents which may be required or necessary for the performance of the Financing Arrangement including, without limitation, the delivery to Lender and Agent of the original checks or other forms of remittance received by the Debtors which are the proceeds of the Collateral, and the payment by the Debtors of any monies or assets in its possession of all sums required to be paid to Lender or Agent under the Financing Arrangement.

18. The Debtors request that the interim Financing Arrangement be and remain in effect for the period commencing with the Petition Date through and including the date of the Final Hearing (the "Expiration Date") unless otherwise extended by Lender and Agent, in their sole discretion, pursuant to a Stipulation to be "So Ordered" by this Court.

WHEREFORE, the Debtors respectfully request entry of an Order (i) authorizing the Debtors, pursuant to §§ 363 and 364(c)(1) of the Bankrupcty Code and Bankruptcy Rules 4001 and 9014, to use cash collateral and obtain post-petition financing from GMAC Commercial Credit LLC in the maximum amount of $10,000,000, (ii) granting to GMAC Commercial Credit LLC a super-priority administrative claim status pursuant to § 364(c)(1) of the Code, and (iii) granting such other and further relief as is just and proper.

Respectfully submitted,

_____/s/ Stephen A. Roberts_____

Garney Griggs, Esq. (SBN. 08491000)
Stephen Roberts, Esq. (SBN 17019200)
Duane J. Brescia (SBN 24025265)
**STRASBURGER & PRICE, L.L.P.**
600 Congress, Suite 2600
Austin, Texas 78701
(512) 499-3600

Shelby Jordan, Esq. (SBN 11016700)
Nathaniel Peter Holzer, Esq. (SBN 00793971)
**JORDAN, HYDEN, WOMBLE & CULBRETH P.C.**
Bank America Towers
500 N. Shoreline, Suite 900
Corpus Christi, Texas  78471
(361) 884-5678

**Proposed Bankruptcy Attorneys for Debtors**